J-S90024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MUHAMMAD AZIZ A/K/A RICHARD HARRIS A/K/A SAMUEL LEWIS | |
| Appellant | No. 883 EDA 2016 |

Appeal from the PCRA Order Dated January 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0107501-1999
CP-51-CR-0107511-1999

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.: **FILED DECEMBER 21, 2016**

Appellant, Muhammad Aziz (also known as Samuel Lewis and Richard Harris), appeals *pro se* from the order dismissing his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court dismissed Appellant's petition as untimely, and we affirm.

On June 3, 1999, a jury convicted Appellant of first-degree murder, two counts of robbery, aggravated assault, criminal conspiracy, and possessing an instrument of crime. Trial Ct. Op., 11/16/99, at 1-2.[1] Appellant was sentenced to life imprisonment for the murder conviction and lesser terms of incarceration on the remaining charges. *Id.* at 2. Through his

---

[1] 18 Pa.C.S. §§ 2502, 3701, 2702, 903, and 907, respectively.

trial counsel, Appellant filed a timely direct appeal. *Id.* Appellant claimed that the evidence was insufficient to support the convictions of murder and aggravated assault, complained of an alleged discovery violation, and challenged the propriety of the trial court's questioning of a trial witness. *Id.* at 6. On August 31, 2000, this Court dismissed the appeal for failure to file a brief. PCRA Ct. Op., 5/16/16, at 1.[2]

Appellant filed his first *pro se* PCRA petition in August, 2003. PCRA Ct. Op., 5/16/16, at 1.[3] In that petition, Appellant complained that his trial counsel was ineffective for failing to preserve his appellate rights by (1) failing to file a brief, and (2) failing to advise him that his direct appeal had been dismissed. PCRA Pet., 8/11/03, at 3.[4] Appellant alleged that he was unaware of his counsel's ineffectiveness until June 8, 2003, when he

---

[2] Apparently, Appellant's trial counsel did not file an appellate brief because he was told by Appellant's family that the family had retained another attorney for purposes of the appeal. *Turner*/*Finley* Letter, 5/13/04, at 2. We note that Appellant's trial counsel was not granted leave to withdraw by the trial court or this Court during the course of Appellant's direct appeal.

[3] The trial court said the petition was filed on August 11, 2003, PCRA Ct. Op., 5/16/16, at 1, but the petition was postmarked August 6, 2003, PCRA Pet., 8/11/03. Under the "prisoner mailbox rule," it therefore may be deemed filed on August 6, 2003. *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998). The difference in dates is not relevant to the matter currently before this Court.

[4] Appellant also asserted in his first petition that trial counsel was ineffective for failing to adequately research, interview, and present witnesses at trial, to move for the suppression of evidence, and to object to prosecutorial misconduct and the admission of certain evidence and testimony. PCRA Pet., 8/11/03, at 3.

received a copy of the Superior Court's docket sheet in response to his request. *Id.*[5] The PCRA court appointed counsel, who subsequently filed a petition to withdraw and a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA Ct. Op., 5/16/16, at 1. In the letter, appointed PCRA counsel explained that Appellant's petition was

---

[5] Docketed on the trial court's record is a letter dated June 6, 2001, and allegedly sent to Appellant from a supervisor of the Post Trial Unit of the Philadelphia County Court of Common Pleas Criminal Division. Enclosed with the letter was a copy of the August 31, 2000 order dismissing his direct appeal. The letter stated:

> Please see the attached Order entered in the Superior Court in reference to your appeal. The appeal was dismissed due to counsel's failure to file a brief, without prejudice to appellant's rights under the Post Conviction Relief Act.
>
> If you want to have your appeal rights reinstated, you must file a PCRA Petition. PCRA Petitions are available through county or state prison authorities.
>
> . . .
>
> Upon receipt by the PCRA Unit, your petition will be reviewed on an individual basis, and where appropriate, counsel will be appointed.
>
> It will be to your advantage to file the PCRA Petition within thirty (30) days, or the Quarter Sessions file will be returned to storage, which will cause delay in the processing of your Petition.

Letter, 6/6/01. Other than advising Appellant to file a petition within 30 days, the letter did not advise Appellant of any timing requirements for filing a petition under the PCRA. The record does not clearly reflect how the letter was addressed or whether Appellant was likely to have received it.

untimely and did not meet any of the exceptions to the PCRA's timeliness requirements. **Turner**/**Finley** Letter, 5/13/04, at 3-4.

On May 14, 2004, the PCRA court notified Appellant that his PCRA petition would be dismissed without a hearing, and that he had thirty days to respond. Order, 5/14/04.[6] On June 15, 2004, rather than contest the impending dismissal, Appellant filed a *pro se* motion to withdraw his PCRA petition. Mot., 6/15/04. In the motion, Appellant asserted that he recognized that the PCRA court lacked jurisdiction to grant him relief due to his untimely petition. **Id.** at 2.[7] The trial court dismissed the petition as untimely on June 21, 2004, and permitted counsel to withdraw. Order, 6/21/04. Appellant was sent a copy of the order with a cover letter which advised of his right to appeal the dismissal within 30 days. Letter, 6/21/04. Appellant did not appeal the dismissal. PCRA Ct. Op., 5/16/16, at 2.

---

[6] Pa.R.Crim.P. 907 requires a PCRA court to give a petitioner twenty days to respond to such a notice.

[7] Appellant now alleges that he withdrew his first petition upon the advice of a "jailhouse lawyer," who advised him not to respond to the court's notice of intent to dismiss and instead to withdraw his PCRA petition and file a petition for *habeas corpus* in federal court. PCRA Pet., 8/28/13, at 4; **see also id.** at Ex. B (unsigned first page of a "Declaration of Stanley Phillip," which states that he was employed as a paralegal by the Department of Corrections and advised Appellant to not respond to the Rule 907 Notice from the court and instead to withdraw his first petition).

On August 10, 2008, Appellant filed a second *pro se* PCRA petition. PCRA Ct. Op., 5/16/16, at 2.[8] The allegations in Appellant's second petition echoed those of his first: he complained that his trial attorney was ineffective for failing to file a brief on direct appeal and for failing to advise Appellant that his appeal had been dismissed. PCRA Pet., 8/10/08, at 3.[9] New PCRA counsel was again appointed, and again counsel filed a no-merit letter and petition to withdraw pursuant to **Turner**/**Finley**, concluding that Appellant's second PCRA petition was also untimely. PCRA Ct. Op., 5/16/16, at 2. The PCRA court dismissed the petition on September 21, 2009. **Id.**

Appellant appealed the dismissal *pro se* on October 26, 2009, and claimed that both his trial counsel and his second appointed PCRA counsel were ineffective. Statement of Matters Complained of on Appeal, 10/26/09.[10] The PCRA court appointed new counsel to assist Appellant with the appeal,

---

[8] Appellant's second petition also referenced the docket numbers for four other cases involving Appellant. PCRA Ct. Op., 5/16/16, at 2.

[9] Appellant also complained that his trial counsel was ineffective for failing to preserve his right to a police line-up, that the evidence was insufficient to support the verdicts against him, and that his trial had been subject to judicial and prosecutorial misconduct. PCRA Pet., 8/10/08, at 3.

[10] Appellant includes in his current petition a letter from appointed counsel for his second petition in which counsel admits that he was unable to promptly communicate with Appellant and provide him with copies of court documents due to lack of funds. **See** PCRA Pet., 8/28/13. Ex. C. The letter appears to have been sent to Appellant on the same date that counsel filed his **Turner**/**Finley** letter explaining that Appellant's second PCRA petition did not merit relief due to its untimeliness.

but appointed counsel once again filed a letter advising that the petition was untimely and requesting withdrawal. *Tuner*/*Finley* Letter, 6/13/11.[11] On February 27, 2012, this Court permitted appointed counsel to withdraw and quashed the appeal as untimely, as Appellant had filed his notice of appeal more than thirty days after his PCRA petition had been dismissed. *Commonwealth v. Lewis*, 3199 EDA 2009, at 2 (Pa. Super., Feb. 27, 2012) (unpublished memorandum) (citing Pa.R.A.P. 903), *appeal denied*, 47 A.3d 846 (Pa., July 2, 2012).[12] We noted that even if his appeal had been timely, Appellant would not have been entitled to relief, as his second PCRA petition was patently untimely and Appellant failed to establish any of the exceptions to the PCRA's timing requirements. *Id.* at 2 n.3. The Pennsylvania Supreme Court denied allocatur on July 2, 2012. *Lewis*, 47 A.3d 846.

Appellant filed the instant PCRA petition, his third, *pro se* on August 28, 2013. PCRA Ct. Op., 5/16/16, at 2.[13] In the petition, Appellant

_____

[11] Appellant claims that counsel appointed to assist with the appeal of his second PCRA petition failed to conduct an independent review, and plagiarized part of previous PCRA counsel's brief. Appellant's Brief at 7.

[12] This Court determined that Appellant had not alleged or proven that he delivered his appeal to prison authorities in conformance with the prisoner mailbox rule. *Lewis*, 3199 EDA 2009, at 2.

[13] Actually, what Appellant filed was a motion entitled "Pro Se Motion for Reinstatement of Direct Appeal Rights Nunc Pro Tunc." The court correctly treated that motion as Appellant's third PCRA petition. *See* Notice Pursuant
*(Footnote Continued Next Page)*

alleged that his trial counsel was ineffective for abandoning him on direct appeal without notice, all subsequent PCRA counsel were ineffective for filing **Tuner/Finley** letters and for failing to investigate trial counsel's ineffectiveness, and the PCRA court had erred by allowing PCRA counsel to withdraw without conducting an independent review. PCRA Pet., 8/28/13, at 3. Appellant also argued, for the first time, that the PCRA "is unconstitutional, vague, and contradictory." **Id.**

The PCRA court found that Appellant's petition was untimely "by approximately twelve years," and, on December 11, 2015, sent Appellant notice of its intent to dismiss the petition without a hearing, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Notice, 12/11/15. Appellant responded to the dismissal on December 28, 2015, by requesting a 30-day extension of time in which to file a response, claiming that he had limited access to the prison law library due to the holidays. Mot. for Extension of Time to File Answer, 12/28/15. The PCRA court did not rule on Appellant's motion for an extension, and Appellant never filed a substantive response to the Rule 907 Notice. The PCRA court dismissed the petition on

---

*(Footnote Continued)* ————————————

to Pennsylvania Rule of Criminal Procedure 907, 12/11/15 (citing **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001)).

January 28, 2016, and Appellant filed the instant notice of appeal on February 17, 2016. PCRA Ct. Op., 5/16/16, at 2.[14]

In his brief to this Court, Appellant presents the following issues:

(Q1) Whether the PCRA Court erred as a matter of law and constitution by dismissing Appellant's PCRA as untimely where he met the timeliness exception provided by statute (42 Pa.C.S. § 9545)

(Q2) Whether the PCRA is unconstitutional? Whether the PCRA's timeliness statute in foreclosing on otherwise meritorious claims derived from deprivations of constitutional rights is unconstitutional and diametrically opposed to U.S. Supreme Court precedent?

Appellant's Brief at 1.

Our standard of review of the dismissal of a PCRA petition is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[14] The PCRA court did not order Appellant to file a 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

### Timeliness of Appellant's Third PCRA Petition

As his first issue, Appellant claims that the instant PCRA petition was timely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). When a petition is untimely, the PCRA court is precluded from reaching the merits of the petition. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). An appellant has thirty days after a decision of this Court to request review by the Supreme Court of Pennsylvania. Pa.R.A.P. 1113.

Exceptions to the time-bar apply when the petition alleges and the petitioner proves one of the following:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." **Hernandez**, 79 A.3d at 651-52; **see also** 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007), **appeal denied**, 959 A.2d 927 (Pa. 2008).

In the instant case, the PCRA court concluded that

[Appellant]'s untimely petition failed . . . to invoke an exception to the timeliness provision specified in 42 [Pa.C.S.] § 9545(b)(1). [Appellant]'s judgment of sentence became final on September 30, 2000, upon expiration of the thirty-day window to file a petition for allowance of appeal to the Pennsylvania Supreme Court. His petition, filed on August 23, 2013[,] was therefore untimely by approximately twelve years.

PCRA Ct. Op., 5/16/16, at 4 (citations omitted). We discern no error in this analysis.[15]

_____

[15] As we affirm on this portion of the PCRA court's reasoning, we do not address the PCRA court's other legal conclusions within its Pa.R.A.P. 1925(a) opinion. **See generally Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa.
*(Footnote Continued Next Page)*

In the instant PCRA petition and his appellate brief, Appellant argues that he met the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). **See** PCRA Pet., 8/28/13, at 7-11; Appellant's Brief at 4. Appellant claims that "the factual predicate of his case was trial counsel's abandonment by failing to file a direct appeal brief after having committed to do so." Appellant's Brief at 4. He asserts that his first PCRA petition, filed on or before August 11, 2003, was filed within sixty days of his discovery (on June 8, 2003) of his abandonment by his trial counsel, and was therefore timely, and that his first PCRA counsel was ineffective for failing to investigate and assert Appellant's exception to the time bar. **Id.** at 4-5. Appellant claims that he then failed to respond to the notice dismissing his first PCRA petition or to appeal the dismissal because he relied on the advice of a legal clerk at the prison law library. **Id.** at 5-6.[16] The fact remains, however, that Appellant

_(Footnote Continued)_ ─────────────

Super. 2012) (appellate court is "not bound by the rationale of the trial court and may affirm on any basis") (citation omitted).

[16] Appellant argues:

> A pro se litigant and especially one like Appellant who is unable to navigate, comprehend, and articulate legal theories and procedures is dependent on the prison-provided legal assistance. An inmate legal clerk therefore, acts like a government representative tasked to provide critical legal guidance and assistance to indigent, illiterate, _pro se_ litigants.

_(Footnote Continued Next Page)_

- 11 -

withdrew his first PCRA petition, meaning that he could obtain no relief under it. Even if Appellant did so because of a legal clerk's incorrect advice, and even if that advice somehow could be characterized as ineffective assistance of "counsel," the fact remains that no viable petition remained to satisfy the 60-day requirement.

Appellant further avers that appointed PCRA counsel on his second petition admitted that he was unable to diligently perform his job due to lack of funds, and was ineffective for failing to pursue the claim of his first PCRA counsel's ineffectiveness. Appellant's Brief at 6. Appellant then claims that following the dismissal of his second PCRA petition, his appointed appellate counsel was also ineffective for failing to pursue prior counsel's ineffectiveness, and she even plagiarized part of previous PCRA counsel's brief. *Id.* at 7. Appellant fails to allege, however, that he learned any of these alleged new facts within 60 days of filing his third PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1)(ii), (2) (a petition is timely if based upon facts previously unknown to the petitioner if filed within sixty days of the discovery of those facts).

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

> Intentionally providing critical erroneous and misleading information resulting in waiver [of] claims and forfeiture of constitutional rights is a serious issue and violates a prisoner['']s fundamental right of access to the courts.

Appellant's Brief at 6.

Appellant concludes that he is entitled to relief because "[f]our court-appointed lawyers and one inmate paralegal had all abandoned, deceived or just plainly misrepresented him." Appellant's Brief at 7. Appellant relies heavily on ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), for the proposition that ineffective assistance of counsel can be an after-discovered "fact" falling within the second timeliness exception when counsel's ineffectiveness was so deficient as to represent complete abandonment by counsel. But Appellant's reliance on ***Bennett*** is misplaced.

Generally, a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception allowed by 42 Pa.C.S. § 9545 (b)(1)(ii). ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000). ***Bennett*** established an exception to this principle: where counsel abandons a petitioner for purposes of appeal, and where the petitioner exercises due diligence in discovering the abandonment and files a petition within sixty days of that discovery, the petition will be considered timely. ***See*** 930 A.2d at 1272-74 (holding petition may be timely where PCRA counsel failed to file a brief on appeal, petitioner never received a copy of the Superior Court's order dismissing his PCRA appeal for failure to file the brief, and petitioner filed a second petition within twenty-five days after learning of the dismissal). The Court in ***Bennett*** added that because "it is illogical to believe that a counsel that abandons his or her client for a requested appeal will inform his client that his case has been dismissed

- 13 -

because of his own failures," it should not be presumed that a prisoner is aware of the status of his own case, albeit a matter of public record. *Id.* at 1274.

Although *Bennett* establishes an exception to the normal rule that ineffectiveness of counsel is not a new fact, it remains essential for Appellant to establish that he discovered new facts giving rise to a claim under *Bennett* within sixty days of filing his third petition on August 28, 2013. Appellant has failed to establish any such discovery, and his claim therefore is untimely under *Bennett*.

As Appellant failed to plead and prove any other timeliness exception, we discern no error by the PCRA court in dismissing Appellant's third petition as untimely. *See Ford*, 44 A.3d at 1194.

### Constitutionality of the PCRA Timeliness Requirements

In his second issue, Appellant claims that the time bar imposed by the PCRA is unconstitutional, as it infringes on his right to file a direct appeal under Article V, Section 9, of the Constitution of Pennsylvania and the Sixth and Fourteenth Amendments to the United States Constitution. Appellant's Brief at 8. Appellant contends that "while there may be legislative limitations or judicial limitations on [] constitutional rights, such limitations must be reasonable," *id.* (quoting *Commonwealth v. Peterkin*, 722 A.2d 638, 642 (Pa. 1998)), and that the PCRA's timeliness requirements are unreasonable as applied to Appellant, "since [they provide] a vehicle for where the state

can pervert justice by foreclosing on petitioner's constitutional rights, all in the name of finality." *Id.* at 9. Appellant additionally argues that "the language of the PCRA is impermissibly vague, confusing, and contradictory, which has left it open to arbitrary interpretation and enforcement by the courts." *Id.* at 10-11 (citing **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), and the dissent in **Bennett**).[17]

As Appellant himself acknowledges, the Supreme Court of Pennsylvania has already upheld the constitutionality of the time restrictions imposed by the PCRA. Appellant's Brief at 9; **see Peterkin**, 722 A.2d at 642-43 (holding that the time restrictions for filing PCRA petitions are constitutional); **accord Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999). We thus conclude Appellant's issue lacks merit. This Court has no authority to contradict the Supreme Court of Pennsylvania.

Based on the foregoing, we discern no error by the PCRA court in dismissing Appellant's third untimely PCRA petition. **See Ford**, 44 A.3d at 1194. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

---

[17] The PCRA court did not address this issue in its order dismissing Appellant's PCRA petition or in the Rule 1925(a) opinion justifying its order.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 12/21/2016